# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:07CR00051 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **MELISSA JENE THOMPSON**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Melissa Jene Thompson, pleaded guilty in this court to misuse of a social security number, in violation of 42 U.S.C.A. § 408(a)(7)(B) (West Supp. 2008). She used the social security number of another person in order to obtain credit from various retail merchants and a loan company and in her written Plea Agreement, she agreed to pay restitution to these victims. In connection with sentencing, the probation officer has recommened the specific amounts of restitution, to which the defendant has objected. The defendant's objection is resolved in this Opinion and Order.

By statute, the court may order the defendant to make restitution to the victims of her crime, and the general restitution statutes apply. 42 U.S.C.A. § 408(b)(1), (2)

(West Supp. 2008). Those statutes include the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C.A. § 3663 (West 2000 & Supp. 2008). The VWPA requires the court to consider the defendant's financial circumstances "in determining *whether* to order restitution under this section." § 3663(a)(1)(B)(i) (emphasis added). However, the VWPA also provides that "[a]n order of restitution made pursuant to this section shall be issued and enforced in accordance with section 3664." § 3663(d). Section 3664(f)(1)(A) mandates that "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."

Although there appears to be a conflict between § 3663(a)(1)(B)(i), which requires the court to consider the defendant's financial circumstances, and § 3664(f)(1)(A), which prohibits the court from doing so, the Seventh Circuit in *United States v. Day*, 418 F.3d 746, 756 (7th Cir. 2005), found a way to read these two provisions together. The court in *Day* followed the reasoning of *United States v. Cummings*, which stated:

> The tension between Sections 3663 and 3664 may be resolved in the following way. Once the court has determined that restitution should be awarded under either Section 3663 or Section 3663A, the court is required to award restitution for the full amount of the victim's losses. In other words, the court's first determination is *whether* there is to be

an award of restitution. In making this discretionary determination under Section 3663, the court must consider the defendant's financial circumstances. *Id.* § 3663(a)(1)(B)(i)(II). Once the decision to award restitution has been made, however, restitution in the full amount of the victim's loss is required. The court should, of course, take the defendant's financial circumstances into account in setting the payment schedule. *Id.* § 3664(f)(2)(A)-(C).

189 F. Supp. 2d 67, 72 n.5 (S.D.N.Y. 2002); *see also United States v. Sosebee*, 419 F.3d 451, 460 (6th Cir. 2005) ("[T]he [VWPA] does not require the judge to consider the defendant's financial situation in determining the *amount* of the restitution but only *whether or not* restitution should be ordered.").

Therefore, in this case, the court may consider the defendant's financial circumstances when deciding *whether* to award restitution at all. If the court decides to order restitution, the restitution order must be granted in the *full amount* of the victims' loss. The defendant's financial circumstances may then be considered when formulating a payment schedule. The court may even consider nominal payments under § 3664(f)(3)(B) if it finds "that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments."

The defendant's objection is to the amount of restitution recommended by the probation officer for Beneficial Virginia, Inc., the loan company that the defendant

-3-

defrauded. The defendant obtained two loans from this victim using another person's social security number, one on December 14, 2006, and the other on December 20, 2006.[1] The total amount financed was $5,173.21, which included credit insurance on the borrower (life, disability, and involuntary unemployment) for which the loan company paid on behalf of the defendant a total premium of $1004.32.[2]

The defendant contends that the amounts paid by the loan company for insurance should be excluded from any restitution ordered. While the defendant suggests that the loan company may have profited from the purchase of the credit insurance, if so, that is clearly part of the loan company's legitimate business expectation for which the defendant ought to reimburse it.[3]

The defendant also contends that because the insurance was obtained through the defendant's fraud, the policies are void and the loan company ought to obtain refunds from the insurance company of the premiums. Finally, the defendant points

---

[1] The second loan paid off the first, as well as providing the defendant with more money.

[2] Contrary to the defendant's assertion, the loan company has charged no interest on the loans. (Letter from Brett Stees to the Probation Officer, Jan. 6, 2008.) Thus, the defendant's arguments concerning interest as to this victim are irrelevant. While it is not entirely clear from the documentation provided to the probation officer that the other restitution amounts recommended do not include interest, if so, it is de minimus.

[3] Virginia law permits a creditor to receive a portion of the premium for credit life and disability insurance for providing and servicing the insurance. Va. Code Ann. § 38.2-3733 (2007).

-4-

to her poverty as mitigating against any restitution award representing the amounts paid for insurance.

Even considering the defendant's current economic circumstances, I find that restitution for the full amount of the victim's losses is appropriate in this case. The defendant is relatively young and has a history of employment. While she suffers from a number of medical conditions, some resulting from a serious car accident in 2007, she has qualified for social security disability payments and thus will likely be able to make installment payments in the future.

While the loan company may obtain a refund of the premiums paid, since state law requires the insurance company to return any unearned premium because of the termination of the insurance prior to the scheduled maturity date of the indebtedness, Va. Code Ann. § 38.2-3729 (2007), it would be improper to reduce the defendant's restitution obligation at this time. If the loan company does obtain a refund of any premiums paid, the defendant's restitution obligation will be accordingly reduced.

For these reasons, the defendant's objection to the recommended amounts of restitution is denied. The clerk is directed to prepare an amended judgment including the amounts of restitution set forth in the probation officer's submission dated January 12, 2009. Having assessed the defendant's ability to pay, restitution is due immediately and payable during the defendant's term of imprisonment in equal

monthly installments of $25, or 50% of her income, whichever is less, and thereafter, payment in equal monthly installments of $100, to commence 60 days after release from imprisonment. Payment of any post-judgment interest on restitution is waived.

It is so **ORDERED**.

ENTER: February 10, 2009

/s/ JAMES P. JONES
Chief United States District Judge